Thank you. We will reserve decision. We'll hear the next case, Cipolloni v. City of New York. May it please the Court, my name is Stephen Warshawski, and along with my co-counsel, Thomas Petrovsky, we represent the plaintiff, Carmen Cipolloni, in this appeal from a decision by District Judge Donnelly of the Eastern District of New York, dismissing the plaintiff's complaint against the City of New York, alleging a false arrest based on the faulty design and operation of the NYPD database for orders of protection, which resulted in Mr. Cipolloni being arrested for violating a temporary order of protection that had been dismissed nearly two months earlier, but which was still reported in the database as active. The District Court erred in concluding that the plaintiff failed to state a plausible claim for municipal liability in this case. Conceptually, the error here was treating this case as a species of basically a street-level false arrest case, where the plaintiff is trying to show a policy or practice of the City through an aggregation of multiple instances at the street level. But what we have here is the NYPD database itself, and we are alleging that that itself is an official policy or program of the City of New York. It's established, maintained, and operated by the City of New York, and so consequently the City can be held liable under Section 1983 for constitutional violations that stem from the faulty design and operation of that database. Now, what does the complaint allege in terms of a widespread pattern of false arrests? Well, in the complaint, what we've alleged is the facts of Mr. Cipolloni's case. We've alleged information It's like two other cases, so it's three cases over a period of about 20 years. That's correct, Your Honor. As we candidly acknowledge in the complaint, we don't have, either in the case law or in, say, the published to this particular allegation, although there have been prior cases. The Valsar Cell case is probably the most on point. But our point is that that analysis is really applicable to those street-level claims, those claims where you're trying to show that the City had a policy or practice through this widespread problem. What we're saying here is there is a database. That is the policy or program. We can prove that there's a flaw in the database, both through Mr. Cipolloni's situation, as well as the NYPD Patrol Guide, which describes the operation of the database. Did you make a proffer along these lines below? I'm sorry? Did you make a proffer? You said you have the evidence. And my question is, did you make a proffer along these lines below? Yes. Well, we allege that in the complaint. And for example, the NYPD Patrol Guide sections were included in the City's motion to dismiss. So that information was before the district judge. Our argument, based on the Patrol Guide, is that the Patrol Guide describes what this NYPD database is, and it specifically does not mention, it notably does not mention. You clearly allege a flawed database. Yes. What I don't see are allegations that a lot of people were falsely arrested because of the failure to remove out-of-date orders of protection. I mean, what is the factual basis for that assertion? The factual basis for that assertion that we are aware of now would be the FOIL request information. The information that we received in response to the FOIL requests that we made to the various district attorney's offices. The New York County District Attorney's Office did provide us with a substantive response. And we specifically asked for information about people who had been arrested and charged with violating an order of protection whose charges were dismissed prior to arraignment, which is what happened with Mr. Cipollone. And that information showed that 9.8 percent of the arrests were dismissed? They said, yes, approximately 10 percent over the period we asked for, which was almost 800 people. Now, we believe, and we certainly submit How many of those 800 people were falsely arrested because of an out-of-date order of protection? Well, we can't answer that question. The county did not provide us, the district attorney's office did not provide us with the backup information that requested about those cases. We submit that it's reasonable at the plausibility stage of a proceeding to say that if we looked at those 800 cases, we're going to find more cases than just Mr. Cipollone's. It's implausible to suggest that Mr. Cipollone is the only person who's ever been arrested in the City of New York based on an out-of-date order of protection. So we think that we have the we can support the analysis that the debatabase is faulty based on Mr. Cipollone as well as the patrol guide. And we think that the FOIL request data gives us sufficient information at the pleading stage to suggest that this is a sufficiently widespread problem that it should be addressed in this context. So we submit that a case like this, if we were allowed, truly limited to discovery, to look at basically what were the files on all those cases when they were not even, they were dismissed before arraignment, we would see in those files which ones were dismissed perhaps because the complaining witness decided not to press charges, but we'd also see the ones in those files where they were dismissed because the DA's office confirmed that there was no order of protection in place and therefore there was no valid arrest. Unless there are any further questions, we'll rest on our briefs. Thank you very much. Thank you. We'll hear from the City. May it please the Court, Kathy Park for the City of New York. Cipollone's Monell claim fails for two independent reasons. He has insufficiently alleged notice and he has insufficiently alleged causation. And for either of these reasons, his Monell claim was correctly dismissed. And I'll address them each in turn. First, on the element of notice, Cipollone hasn't plausibly alleged. Describe what the requirement of notice is and then you can talk about it. Sure. On the theories, well first let me, it depends on the theory of Monell liability that he's asserting here. And I'll explain why his theory isn't premised, first isn't premised on an official express policy. He hasn't, there is no, regardless of what the database is, he hasn't officially, he hasn't plausibly alleged that the City has an official express policy of not updating its database. And it's certainly not something that's expressed anywhere in the books, it's not in the patrol guide regulations, it's not something that's been promulgated. Suppose it was reflected in the records, what would be the, isn't that sufficient notice? May you repeat the question, I'm sorry? Suppose an examination of the database showed X percentage of arrests on warrants that were no longer outstanding. Assume that. What notice do you think would be required in those circuits of circumstance? So in that hypothetical, you'd have to show that some high-ranking, someone in the City, some high-ranking official had notice of those mistakes or errors in the database. And one way you can show that is by showing, you can have some kind of direct form of notice, some kind of smoking gun evidence or a statement from a high-ranking official, which isn't alleged here. Notice means awareness. And that awareness through a widespread pattern of unconstitutional arrests that would have been the result of such database errors. And we don't have that here. At most, he has pointed to two district court cases that are 17 years apart. His own arrest wouldn't constitute notice of a policy or practice. And again, out of those district court cases, one didn't even involve a database. So we're really just talking about one instance that he cited. I do want to just take a circle back and make clear that the patrol guide provisions that he's relying on, make clear that we're really talking about a state-maintained registry here. Now, I do acknowledge that there might be one instance in the patrol guide provisions where it may be ambiguous whether it's referring to a state registry or an NYP registry. But the relevant part of the patrol guide provision, looking at page 48 of the appendix, it makes clear, quote, when a state database inquiry reveals that there is an active order of protection in effect, unquote, that's when the police are directed to take action or make an arrest. And so Cipollone can't prove that the NYPD is chargeable with such database errors by simply claiming that it's responsible for maintaining it, because it's not. We're talking about a state-maintained registry here. So I do want to make that point. And even that aside again, he would need to show a pattern of constitutional violations. He hasn't cited enough instances. And the district court, I'm sorry, the district attorney's statistics that he points to aren't sufficient either. You'd really have to resort to speculation to decide what those dismissals were the result of. Is it plausible that part of the 9.8% would be the result of out-of-date orders of protection? Your Honor, it's not plausible. It's possible, certainly. But Iqbal makes clear that you of a scenario in order to go past the pleading stage and survive a motion to dismiss. Why isn't it plausible? It isn't plausible because there could be a number of reasons why, a number of very good reasons why these dismissals occur at the arraignment stage, especially particularly considering the context that we have here. And as very commonly known, the type of domestic abuse relationships that are at issue here, often those victims hesitate or change their minds about pressing charges. That's something that's been recognized by courts universally. And certainly even reflected in this particular case where Cipollone's girlfriend, with the original order of protection, decided to drop those charges. And so because that could be the plausible reason to explain why these dismissals are occurring, he simply hasn't alleged enough facts to go past the pleading stage based simply on those statistics that don't reflect the reasons for dismissal. And Iqbal makes very clear that a plaintiff has to be armed with more facts in order to be able to unlock the doors of discovery. Your Honor, just very briefly, we also argue that a separate ground for affirming here would be the lack of causation. And I'll just very briefly say that Cipollone hasn't a direct causal link between any municipal action and his allegedly unlawful arrest, because the arrest report shows a second charge for the arrest that is unrelated to the element of... Remind me what that was. So it was for aggravated harassment, was the second charge. The first charge was for contempt of... Or based on the violation of the order of protection. And the elements of aggravated harassment have nothing to do with the database. And so, again, there isn't a showing here of causation or an identified causal link between any purported errors with the database and his own arrest to be able to prevail on a Manila claim. Your Honor, if there are no further questions, we rest on our breaths and ask this Court to affirm. Thank you. We'll hear the rebuttal. The city's approach to trying to defeat this complaint is to address certain aspects that are more appropriate on summary judgment. With respect to the state database, we've shown that we've sufficiently alleged with supporting evidence that we're talking about an NYPD database. If there is an argument to be made that the NYPD really in some sense lacks control over what happened here, that's something that goes to the merits and should be done at a later stage in the proceeding. The issue of causation likewise suggests that there's an independent reason for why Mr. Cipollone was arrested. I would point out, and unfortunately it was my oversight, I did not include the original domestic incident report in the record, although I have copies with it. The original domestic incident report only charged Mr. Cipollone with contempt for violating the order of protection, and in the narrative section of the original domestic incident report, it only described that issue. That's the document that we relied upon and that we alleged in our complaint. What's the relationship between that document and the arrest that you're complaining about? And the what? Arrest. So my understanding is subsequent to the actual arrest at the location, the officers will go back to the precinct and they will prepare various documents. There's an NYPD complaint form, an arrest form, and so on. And this was prepared afterwards. Yes. It definitely would have been prepared afterwards. And once again, if the argument is there is an intervening or at least an independent reason for the arrest, that's going to the merits of the claim, and that requires at least some preliminary discovery into what happened here. The issue of notice, well, I think that there are a couple points here. Number one, it's the city's own database, and they know how it operates, or they certainly should know how it operates. And if there are numerous people who are being, who are not being charged by DA's offices, that information obviously is chargeable to the city of New York as well. So once again, the issue here is, has a plausible non-speculative claim been alleged in the complaint? We submit that we have indeed alleged a non-speculative claim. Thank you. Thank you. We'll reserve decision. That concludes the calendar for today. I'll ask the clerk to adjourn. Thank you.